Dear Mayor Gowland:
Your request for an Attorney General's Opinion has been forwarded to me for research and response. As I understand your question, it is as follows:
 May the mayor of the Town of Abita Springs hold a position on the board of a recreation district that includes all or part of the Town of Abita Springs?
It would appear that the applicable provision of the dual office holding law relative to this situation is set forth in LSA-R.S.42:63(D) which, in pertinent part, states:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . ."
It would appear that under the provisions of LSA-R.S. 42:62(9), which states in applicable part:
 "Political subdivision' means a parish, municipality, and other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. . . ."
The Board in question appears to fall within the scope of Subpart 9 of LSA-R.S. 42:62, as a "special district" performing governmental functions.
However, the position at issue is an appointed uncompensated position. Further, the position constitutes a "part-time" position within the meaning of LSA-R.S. 42:62(5), as the board will only meet once a month to conduct business.
Finally, the position of mayor and the position on the board do not appear to constitute incompatible offices under LSA-R.S.42:64.
Accordingly, it would appear that the mayor of Abita Springs may concurrently serve as a part-time appointed member of the board of the recreation district which includes all or part of his town.
This conclusion would appear to be supported by at least three previous opinions of this office. Those opinions are as follows:
 Attorney General's Opinion No. 90-31, where it was opined that an elected mayor of a village may concurrently serve as part-time appointed member of the Capital Gas Utility District No. 1 in East Feliciana Parish; Attorney General's Opinion No. 90-98, where in it was opined that a Commissioner on the Board of the Housing Authority may retain part-time appointment with the Board if elected to the city council; and Attorney General's Opinion No. 90-562, which stated that members of the Board of Alderman may also serve on a voluntary basis in a part-time appointive office on a municipal recreation commission.
I trust that the foregoing satisfactorily answers the question you have asked. However, if additional information is needed, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2469s